UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK SPINELLI,

               Plaintiff,

v.

                                          CASE No. 8:20-cv-609-TGW

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

               Defendant.

_____

## O R D E R

      The plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits.[2]  Because the Commissioner's finding that the plaintiff experienced substantial post-operative improvement is inconsistent with his determination that the plaintiff's residual functional capacity did not change during the alleged disability period, the decision will be reversed and remanded for further consideration.

_____

    [1]Kilolo Kijakazi became the Commissioner of Social Security on July 9, 2021, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

    [2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

I.

The plaintiff, who was fifty-six years old at the time of the administrative hearing and who has a high school education, has worked as a corrections officer (Tr. 23). He filed a claim for Social Security disability benefits, alleging that he became disabled due to low back pain with herniations and nerve impingements, a torn right shoulder rotator cuff, depression, anxiety, high blood pressure, and right elbow and hand weakness and shaking (Tr. 393). The claim was denied initially and upon reconsideration.

The plaintiff then had a <u>de novo</u> hearing before an administrative law judge, who found that the plaintiff had several severe impairments, but that they were not disabling (<u>see</u> Tr. 173–181). The Appeals Council granted review of that decision and remanded the case for further proceedings (Tr. 191–92).

The same law judge conducted another hearing. He found that the plaintiff had severe impairments of degenerative disc disease of the lumbar and cervical spine, lumbar herniated nucleus pulposus ("HNP") with radiculopathy, status post-lumbar and cervical fusion, migraine headaches, and bilateral shoulder disorders (Tr. 18). The law judge concluded that

2

with those impairments the plaintiff had the residual functional capacity to

perform

> light work as defined in 20 CFR 404.1567(b), with the ability to lift 20 pounds occasionally, lift and carry 10 pounds frequently, stand and walk for about 6 hours, and sit for up to 6 hours in an 8-hour workday with normal breaks. He must avoid climbing ropes and scaffolds but can frequently navigate stairs and ladders. He can frequently balance, stoop, kneel and crouch, and he can occasionally crawl. Further, he can frequently reach bilaterally but can reach overhead only occasionally. He must avoid concentrated exposure to extreme cold, excessive vibration, and to use of hazardous, industrial machinery.

(Tr. 19–20).

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 23). However, based upon the testimony of a vocational expert, the law judge found that jobs existed in significant numbers in the national economy that the plaintiff could perform, such as a security guard (Tr. 24). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal

4

of the administrative findings." <u>Adefemi</u> v. <u>Ashcroft</u>, 386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en</u> <u>banc</u>).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The relevant time period for this claim is the six-year period between December 20, 2013 (the alleged disability onset date) and

5

December 30, 2019 (the date of the law judge's decision) (Tr. 16). The law judge found, with the plaintiff's improved functioning after spinal surgery, that the plaintiff could perform a range of light work and, therefore, he was not disabled. The plaintiff contends that the law judge failed to consider a closed period of disability for the time before his back and neck surgeries.

The law judge discussed that the plaintiff underwent two spinal surgeries. He noted objective medical evidence showing that the surgeries were successful, and he found that the surgeries significantly alleviated the plaintiff's back and neck symptoms (see Tr. 22, 23).

Specifically, the law judge recounted that, before surgery in 2015, a lumbar MRI showed the plaintiff had (Tr. 20):

> herniation at L1-L2, herniation at L3-L4, L2-L3 extrusion abutting the L2 exiting nerve on right, broad based disc herniation at L3-4, broad based disc protrusion and flattening at L4-5, and facet hypertrophy and arthropathy at L5-S1.

However, as the law judge noted, the plaintiff's back and leg pain improved after the plaintiff's fusion and laminectomy in 2016, and imaging showed that the plaintiff's multilevel spondylosis was stable (Tr. 21). Additionally, a post-surgery MRI showed that the plaintiff had "[n]o [lumbar] disc herniation, fracture or spinal stenosis" (Tr. 777).

6

Furthermore, the law judge discussed that, in 2016, the plaintiff complained of neck pain that radiated to both arms and that, in 2017, the plaintiff had "positive impingement signs in his right shoulder" (Tr. 21). A cervical MRI in January 2017 showed multiple disc bulges and a herniated disc, anterolisthesis, and severe compression of left C6 and C7 nerve roots (Tr. 1141, 878–79). The plaintiff was diagnosed with cervical disc herniation (Tr. 987).

However, following the plaintiff's cervical fusion in December 2017, "the [plaintiff] no longer showed impingement signs in either shoulder and complained of no acromioclavicular pain bilaterally" (Tr. 21). The law judge added that the plaintiff regained

> full neck mobility and was not tender to palpitation of the cervical spine except in the left lower paraspinal region. Notably, he displayed full range of motion in his bilateral shoulders and had normal cervical sensation at C5-C8 despite a diagnosis of C7-T1 spondylosis. In November, the claimant reported 80% relief of his neck symptoms after surgery ....

(Tr. 21–22, exhibit citations omitted).

Moreover, the law judge relied on evidence of the plaintiff's medical improvement in discounting the opinions of two physicians that the

7

plaintiff was limited to sedentary work (see Tr. 22–23).  Thus, he rejected reviewing physician Andrew Brown's opinion that the plaintiff was limited to sedentary work partly because Dr. Brown "[did] not have the benefit of reviewing the [plaintiff's medical] records post-cervical fusion, which suggest the [plaintiff] experienced significant symptom relief from the surgery" (Doc. 22, p. 9, citing Tr. 23).  Additionally, the law judge gave limited weight to examining physician Vincent Kiesel's opinion because it was "issued … prior to the claimant's April 2016 surgery, which alleviated some of the claimant's symptoms" (Tr. 22–23).

Conversely, the law judge afforded some weight to reviewing physician Dr. Cynthia Kimble's opinion that the plaintiff could perform light work because her opinion is "consistent with medical records showing improvement in back symptoms since surgery in April 2016 and improvement in neck symptoms since surgery in 2017" (Tr. 22).

Notwithstanding the law judge's findings of medical improvement, the law judge determined that the plaintiff had the same residual functional capacity for the entire alleged disability period (Tr. 19–20).  The plaintiff contends this was error.

In this regard, the plaintiff argues (Doc. 22, p. 7):

8

> [t]he flaw in the logic of the [law judge's] decision is that if the claimant had improved after his surgeries, he must have had a different residual functional capacity prior to the surgeries, than after the surgeries. Otherwise, the decision would not have noted medical improvement.

Therefore, the plaintiff contends (id., p. 8),

> [t]he decision should have contained two residual functional capacity assessments, one prior to the dates of the surgeries, and a reasonable time for recovery, and one after the surgeries and a reasonable time for recovery.

Moreover, the plaintiff asserts, this is not harmless error because he may be entitled to a closed period of disability.

The plaintiff is correct that the decision contains a material inconsistency. Thus, the law judge unquestionably found that the plaintiff's condition improved after surgery (see supra, pp. 6–8). Furthermore, the law judge relied upon the plaintiff's post-surgical improvement to discount two physicians' opinions limiting the plaintiff to sedentary work (see supra, p. 8). However, the law judge's determination of the residual functional capacity does not reflect changes in the plaintiff's pre- and post-surgery functioning.

9

Due to this inconsistency, the law judge's finding that the plaintiff would have the same residual functional capacity throughout the alleged disability period is not supported by substantial evidence. Accordingly, it is appropriate to remand the matter for further consideration. See Kelly v. Heckler, 736 F.2d 631, 632 (11th Cir. 1984) (remanding a case when two findings appear inconsistent and they cannot be reconciled from the law judge's decision); Hendley v. Astrue, No. 5:10-cv-398 CAR, 2012 WL 1019165, at *1 (M.D. Ga.) ("because the ALJ's findings appear contradictory, and because the Court cannot discern a reasonable path for the ALJ's decision, the Court cannot conclude that the ALJ's error was harmless").

The Commissioner attempts to gloss over this inconsistency, arguing that the law judge's "'suggest[ion] that [the plaintiff] was 'more disabled and limited prior to his surgery in 2018' ignores the ALJ's actual findings ... that Plaintiff failed to prove his disability at any point in the relevant period" (Doc. 23, p. 15). The Commissioner's response misses the point of the plaintiff's argument. Thus, it does not matter that the post-surgery RFC is supported by substantial evidence, since the plaintiff does not argue to the contrary. Rather, the plaintiff points out that the law judge

expressly found that the plaintiff's surgeries improved his conditions, and that improvement is neither reflected in the plaintiff's RFC nor explained why it was not.  Without an explanation, there is an apparent inconsistency that precludes meaningful judicial review of the plaintiff's contention that a closed period of disability was warranted.  See Ryan v. Heckler, 762 F.2d 939 (11th Cir. 1985).

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **REVERSED** and the matter remanded for further proceedings.  The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 10ᵗʰ day of September 2021.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE